# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KELLIE R. WATSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 2472 |
| | ) | Paul E. Plunkett, Senior Judge |
| ST. LUKE ACADEMY, THE EVANGELICAL | ) | |
| LUTHERAN CHURCH OF ST. LUKE, | ) | |
| DAVID GRIST ABRAHAMSON, and | ) | |
| PATRICIA A. GRUNDE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Kellie R. Watson ("Plaintiff") has sued St. Luke Academy ("Academy"), the Evangelical Lutheran Church of St. Luke ("Church"), David Grist Abrahamson ("Pastor"), and Patricia A. Grunde ("Principal") (collectively, "Defendants") for their alleged violations of section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) and section 1983 of the Civil Rights Act, 42 U.S.C. § 1983. In her first amended complaint, Plaintiff alleges that her son is considered disabled under the Rehabilitation Act and that because of this disability, her son was entitled to a pre-expulsion hearing, a hearing he did not receive. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss both counts of Plaintiff's complaint. Defendants claim that Plaintiff failed to sufficiently allege each element of a prima facie case to establish discrimination under the Rehabilitation Act in Count I. Also, Defendants move to dismiss the 1983 claim contending that Plaintiff fails to adequately allege that Defendants acted under the color of state law in Count II. For the reasons set forth below, Defendant's motion is granted.

1

## Facts

We accept, as we must, the following facts which are alleged in the complaint. Plaintiff was a victim of rape and as a result, the Social Security Administration stated that beginning on August 24, 2000, she was under a disability. (Pl's. Am. Compl. ¶ 11.) Because she was a crime victim, Plaintiff and her minor son, Kyle, were entitled to receive Social Security benefits and were eligible to receive compensation for any psychological treatment they should undergo as a result of Plaintiff's trauma. (Def's. Mot. Dismiss Am. Compl. at 1.) Plaintiff claims that because she was found disabled by Social Security, her son should also be considered disabled under the Rehabilitation Act. (Pl's. Am. Compl. ¶¶ 12, 32.) Kyle was enrolled in the Academy beginning in August 2002. (*Id.* ¶ 9.) Defendants discriminated against her son in violation of section 504 of the Rehabilitation Act because they expelled him from the Academy due to his handicap. (Id. ¶¶ 32-33.) Plaintiff also contends that her son was expelled from the school without a hearing in violation of 42 U.S.C. §1983. (Pl's. Am. Compl. ¶ 41.) Plaintiff asserts that all Defendants are state actors because the Academy participated in federally funded after-school tutoring and milk program. (Pl's. Am. Compl. ¶ 43; Def.'s Reply Mot. Dismiss Am. Compl. at 4.) Kyle's substantive due process was violated because Defendants violated one of his property interests, an interest not otherwise defined in the complaint. (Pl's. Am. Compl. ¶ 45.)

Defendants have moved for this Rule 12(b)(6) motion to dismiss Plaintiff's two-count complaint. Defendants contend that Count I of Plaintiff's complaint lacks the requisite prima facie elements to recover under section 504 of the Rehabilitation Act. (Def. Mot. Dismiss Am. Compl. at 3.) Defendants state that Count II should also fail because it does not appropriately allege a basis to find that Defendants were state actors performing under the color of state law.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Furthermore, any ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader. *Id.*

## Discussion

In Count I, Plaintiff alleges that Defendants discriminated against Kyle because of his alleged disability. In relevant part, the Rehabilitation Act states:

> No otherwise qualified individual with a disability in the United States, as defined in section 7(20) 29 USCS §705(20), shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ....

29 U.S.C.S. § 794(a) (2004).

To prevail on a claim under the Rehabilitation Act, Plaintiff must show her son was: (1) an individual with a disability; (2) otherwise qualified for the benefit sought; (3) discriminated against solely because of his handicap; and (4) discriminated against by an entity that received federal financial help. *Grzan v. Charter*, 104 F. 3d 116, 119 (7th Cir. 1997). We shall address each prong separately.

3

First, an individual with a disability is someone who has a physical or mental impairment which substantially limits one or more of such person's major life activities; has a record of such an impairment; or is regarded as having such an impairment. 29 U.S.C.S. § 705(20)(B); 45 C.F.R. § 84.3(j)(1) (1990). The regulations further explain the essential terms of disability and life activity:

> Impairment means (A) any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic; skin; and endocrine or (B) any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities . . . .
>
> Major life activities mean functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

45 C.F.R. § 84.3(j)(2)(i) and (ii).

Here, Plaintiff alleges that her son should be considered disabled under the Rehabilitation Act solely because he is eligible to receive Social Security and reimbursement benefits under the Crime Victims Compensation Act ("CVCA"). The CVCA is an act that provides compensation to victims of violent crimes. 740 ILCS 45/1 *et seq.* This act provides that a victim and her dependents may be entitled to compensation for injuries from a crime. 725 ILCS 240/2. The act was specifically designed to improve attitudes of victims toward the criminal justice system and to provide for a more complete recovery from the effects of crime. *Id.*

In Count I, Plaintiff claims that as a result of the her trauma, her child was "limited and therefore disabled." (Pl.'s Am. Compl. ¶10.) This assertion fails even under the most generous analysis to state a claim under the Rehabilitation Act. Under the statute, to be considered disabled, a person must have a physical or mental impairment and the handicap must interfere with a major

4

life activity. Plaintiff has not alleged that her son has one of these impairments set forth in the statute. Also, Plaintiff has not indicated what major life activity, if any, was impeded by his Social Security and crime victim status. Plaintiff does not state that Kyle has a physiological disorder or a cosmetic disfigurement, nor does she allege that he has a psychological disorder, an emotional illness, or even a learning disability. She states only that his crime victim and Social Security status is "limiting." Also, Plaintiff has not met the latter part of that definition; that is, whether they limit one of his major life activities and if so which one. Plaintiff concedes Kyle did not have any particular learning or behavioral problems at school, and absent such an allegation, we cannot infer that his crime victim status under Social Security imposed a substantial limitation on a major life activity. (*Id.* ¶ 23.) Thus, Plaintiff has not plead that her son was disabled under the Act.

Second, Plaintiff claims Kyle is "otherwise qualified." An individual is considered as otherwise qualified if they are able to meet all requirements to be a part of a program despite their disability. In an educational scenario, a qualified disabled is person is one "who meets the academic and technical standards requisite to admission or participation in the [school's] education program or activity . . . ." *S.E. Cmty. Coll. v. Davis*, 442 U.S. 397, 406 (1978) (citing 45 C.F.R. § 84.3 (k)(3)(1978)). Further, "technical standards" pertain to *"all* non-academic admissions criteria that are essential to participation in the program in question." *Id.* (citing 45 C.F.R. pt. 84, App. A, p. 405 (1978)). "An otherwise qualified person is one who is able to meet all of a program's requirements in spite of [her] handicap." *Id.* Also, "only those individuals who are both handicapped and otherwise qualified are eligible for relief." *Sch. Bd. of Nassau County v. Arline*, 480 U.S. 273, 284-85 (1987).

5

Here, "otherwise qualified" would mean that had Kyle not had the disability, he would have qualified on all other admission requirements to the Academy and that he was denied only because of his disability. Kyle is not "otherwise qualified" because, absent his alleged handicap, he still would not have met the requirements to attend the Academy. Plaintiff concedes that Defendant would have allowed her son to return to school if she would agreed to pay tuition; provide emergency contact information; and furnish proof of regular church attendance. (Def.'s Mot. Dismiss Am. Compl. at 7.) Nor does she claim that she has agreed to meet even one of these legitimate requirements. Thus, Kyle is not otherwise qualified to attend the Academy. In fact, it is hard to imagine anyone being qualified to attend a private school who is unwilling to pay the tuition. Plaintiff does not contest that these are pre-requisites for attendance to the Academy.

Third, to state a prima facie case for recovery under section 504 of the Rehabilitation Act, Plaintiff must demonstrate that Kyle was expelled from the Academy solely because of his alleged disability. "Without proof that plaintiff was suspended solely on the basis of his handicap, plaintiff cannot make out a prima facie case of handicap discrimination." *Randle v. Bentsen*, 19 F.3d 371, 375 (7th Cir. 1994) (quoting *Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178, 1181 (6th Cir.1993)). The word "solely" is determinative; if others with the same handicap are not discriminated against in the same way, then the discrimination does not stem only from the handicap. *Grzan* at 121(citing *Johnson v. Thompson*, 971 F.2d 1487, 1493 (10th Cir. 1992). Also, if there are other reasons why the defendant took this action, then the discrimination does not result "solely by reason of [the] handicap." *Id.*

Apart from a bare legal conclusion, Plaintiff has not alleged any facts which demonstrate that her son was expelled because of his disability. In fact, she concedes in her complaint that Kyle was

6

suspended not because of his Social Security and crime victim status, but because his locker was in violation of school rules. (Pl. Compl. ¶¶ 19, 36.) Even if we assume his expulsion was from having "too many items in his locker" was pretextual, Plaintiff has still not alleged, nor could she, that Kyle was expelled because he was a crime victim. The discrimination could not have occurred solely because of Kyle's alleged disability. Therefore, Count I is dismissed.

In Count II of her complaint, Plaintiff asserts a section 1983 claim against the Defendants. Plaintiff states that Kyle was deprived of procedural and substantive due process as well as his equal protection rights. Section 1983 provides redress for constitutional deprivations suffered at the hands of certain government actors. 42 U.S.C. § 1983. To properly state a claim under § 1983, a plaintiff must show that conduct, that which deprived an individual of a constitutional right, was administered by a state actor. 42 U.S.C. § 1983. Specifically, as to private defendants, the Supreme Court has set forth a number of tests for determining whether a private actor has engaged in state action for section 1983 purposes. They include: (1) the "public function" test, in which private actors are deemed state actors if they perform functions traditionally relegated to the government, *Terry v. Adams*, 345 U.S. 461, 468-470 (1953); (2) the "state compulsion" test, in which private actors are held to be state actors if their conduct was compelled by state law, custom or practice, *Adickes v. Kress*, 398 U.S. 144, 168 (1970); (3) the "nexus" test, in which private actors are held to be state actors because they are so heavily regulated or are otherwise so closely intertwined with the state that their actions can fairly be attributed to it, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974); and (4) the "joint action" test, in which private actors are deemed state actors because they are "willful participant[s] in joint action with the State or its agents," *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). In 2001, *Brentwood Academy v. Tennessee Secondary School Athletic Association* neatly

condensed these tests. 531 U.S. 288, 295-96 (2001). A private individual will be considered a state actor if he is jointly acting with the government, performing a public function, or is entwined with the government or subject to government coercion or encouragement. *Id.*

Here, Plaintiff contends that because Defendants received some federal assistance they should be considered as an entity subject to state regulation, and thus are state actors. Plaintiff supports this argument by alleging generally that the Academy took on the responsibility of educating her child and because they were in part funded by the government, they were therefore regulated by the government. Defendants contend that this general statement does not sufficiently allege that Defendants were state actors. Rather, Plaintiff was required to offer more operative facts to support her allegations of joint action, performing a public function or entwinement to be considered a state actor. We agree with Defendants.

Courts have looked to the factors offered in *Brentwood* to determine if there is sufficient showing of jointly acting with the government, performing a public function, or entwinement with the government. The Supreme Court has determined that despite heavy funding, extensive regulation, and conducting the public function of educating, a private school would not be considered a state actor. *Rendell-Baker v. Kohn*, 457 U.S. 830, 842-843 (1982). A state will be held responsible for a private actor's decision only when the state has exerted "coercive power" or has significantly encouraged the private actor. *Tunca v. Lutheran Gen. Hosp.*, 844 F.2d 411, 414 (7th Cir. 1988). Also, the Seventh Circuit has held that to implicate a private actor, a plaintiff must establish that: (1) a state actor and private entity "shared a common unconstitutional goal"; and (2) the private individuals willfully participated with this unconstitutional activity. *Id.* The court there determined

that more than conclusory allegations regarding the existence of the common unconstitutional goal must be asserted for a private party to be labeled as a state actor. *Id.*

The Seventh Circuit has concluded that when a complaint is not clear in alleging how specifically a defendant's actions were connected to an alleged deprivation of a constitutional right, the complaint does not state that the defendants were state actors. *Alvarez v. Riesche*, 1999 U.S. Dist. LEXIS 11011, *7-*8 (July 8, 1999) (citing *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). The court there explained that without demonstrating existence of any joint action or concerted effort the defendants were not considered to have acted under color of state law, and the motion was dismissed. *Id.* (referencing *Tarkowski v. Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980)).

Here, Plaintiff has not even gone so far as to allege any facts to support the idea that Defendants were jointly acting with the government, performing a public function, or entwined with the government or subject to government coercion/encouragement. They do not assert that the government is extensively consulted to make operational decisions or that the government is so entwined with the day-to-day operation that state action must be concluded. Here, Plaintiff merely states that the Academy is a private school that receives federal financial assistance and the Academy's conduct was under state law.

Furthermore, we are not persuaded by Plaintiff's reliance on *Milonas*. There, the court determined that "there was a sufficiently close nexus" between the state's action of involuntarily sending the children to the school and the significant state funding and extensive regulation of the educational programs in order to make the school a state actor. *Milonas v. Williams*, 691 F.2d 931, 940 (10th Cir. 1982). Here, Plaintiff does not assert that government by its funding has any role in the Academy's programs or code of conduct, nor that the government is entwined in any way with

the day-to-day operation of the school in which Kyle was voluntarily enrolled. Absent such meaningful facts to support the § 1983 allegations, Plaintiff's claim is not viable.

## Conclusion

For the reasons set forth above, defendants' Rule 12(b)(6) motion to dismiss is granted. We do not believe that permitting a second amended complaint could cure the fatal shortcomings of this complaint. Thus, this is a final and appealable order.

**ENTER:**

_[signature]_

**UNITED STATES DISTRICT JUDGE**

DATED: FEB 2 2005